IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Claude Christopher Barnett, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:02-2207-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On June 28, 2002, pursuant to 28 U.S.C. § 2255, Claude Christopher Barnett ("petitioner") commenced this pro se action attacking his guilty plea and sentence. On July 7, 2004, the government moved for summary judgment. On July 8, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On November 10, 2004, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On June 20, 2001, a federal Grand Jury charged the petitioner in a one count indictment for conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine. On December 21, 2001, the petitioner pled guilty to the charge. On April 23, 2002, the Court sentenced the petitioner to 162 months of confinement followed by 5 years of supervised release. The petitioner did not appeal his guilty plea or sentence.

The petitioner raises three claims in his petition and response to summary judgment: (1) ineffective assistance of counsel for not objecting to the firearm enhancement to the petitioner's



sentence, (2) "counsel denied [the] petitioner's right to appeal" by refusing to appeal, and (3) the petitioner's sentence violated the principle set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

The petitioner's first two claims are ineffective assistance of counsel at sentencing. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's



unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

The petitioner claims that the government did not prove he possessed a firearm while committing his offense but counsel did not object. In an affidavit, counsel states that the petitioner initially objected to the two level enhancement, but the petitioner subsequently decided to withdraw the objection.[1] The petitioner's Presentence Report and sentencing transcript verifies counsel's assertion. The Presentence Report notes an objection to the firearm enhancement. At sentencing, the Court acknowledged the petitioner's objection and counsel informed the Court that they wished to withdraw the objection. The Court then asked the petitioner directly if he had any objections to the report, and the petitioner responded that he did not. The petitioner cannot instruct counsel not to object and then later complain that by following his instructions, counsel performed deficiently. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

In addition, the Presentence Report reveals that sufficient evidence existed to enhance the petitioner's sentence for possessing a firearm. Individuals who purchased drugs from the petitioner stated that they had seen him with a firearm while he conducted the drug transactions. The petitioner has failed to demonstrate that counsel was deficient or that counsel's

---

[1] The petitioner received the benefit of a downward departure at sentencing.

Page 3 of 6



representation prejudiced him. As a result, the petitioner is not entitled to relief on this claim.

Second, the petitioner claims that counsel refused to appeal his sentence, and that counsel advised him that a Rule 35 motion would get him back in court. The Supreme Court has decided that a Court should use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Flores-Ortega, 528 U.S. at 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." See Flores-Ortega, 528 U.S. at 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)). Moreover, a defendant who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit. Flores-Ortega, 528 U.S. at 485 (citing Rodriquez, 395 U.S at 330).

In other words, if the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal.

Here, the petitioner cannot make this showing. Although the petitioner alleges in his



petition that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

First, the petitioner withdrew his objection to the firearm enhancement listed in his Presentence Report, and the petitioner made no further objections at his sentencing hearing to the facts and law used to calculate his sentence. This tends to show that any discontent with the legality of his sentence arose only after the 10-day appeal window had been closed. Cf. id. (noting that "only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal").

Second, as this order reveals, the petitioner has raised no meritorious objections to his sentence, a fact cutting against the petitioner's assertions that he instructed counsel to appeal.[2] And third, counsel disputes the petitioner's contentions with an affidavit of his own, wherein he alleges that:

> [The petitioner] asked me about the appeal process and I informed him that an appeal could be taken. However, I advised him that I thought an appeal would not be helpful to him because I did not know any issues which would be meritorious at the appellate level. I thereafter did not receive, either in writing or orally, a request by [the petitioner] or anyone acting on his behalf to appeal his case

Counsel consulted with the petitioner concerning an appeal, but advised the petitioner that no meritorious issues could be raised on appeal. The petitioner does not dispute this. The petitioner does not allege that he requested counsel to file an appeal after this consultation.

---

[2]The implication of Flores-Ortega is that a petitioner who can show that counsel disregarded his instructions to file an appeal has, by this showing alone, made out a case for ineffective assistance, because he has shown deficiency and prejudice in this situation is presumed. 528 U.S. at 477. Despite the fact that this hypothetical petitioner need not show that his appeal would have had merit, id., the Court considers the fruitfulness of an appeal to be a factor that weighs in its determination of whether the petitioner in fact instructed counsel to file an appeal in the first place.



The court therefore finds that the petitioner's affidavit alone is insufficient to overcome the indications in the record that counsel's affidavit correctly states the facts; namely, that the petitioner did not request counsel to file an appeal.

Finally, the petitioner claims that his sentence violates the principle set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed that principle. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2000, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

April 26, 2005
Charleston, South Carolina